UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br><br>             Plaintiff,<br><br>     v.<br><br>DENISE PATTON DORSETT, et al.,<br><br>             Defendants. | No.   12-CV-1715-JAM-EFB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** |

This matter comes before the Court on Plaintiff Joe Hand Promotions' ("Plaintiff") Motion to Strike Defendants' Affirmative Defenses (Doc. #12) from Defendants Denise Patton Dorsett and Iraj Nouzari's ("Defendants") Answer to the Complaint (Doc. #8).  Defendants oppose the motion in part (Doc. #16).[1]  For the reasons set forth below, Plaintiff's Motion is granted in part and denied in part.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that Defendants unlawfully intercepted the

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for February 6, 2013.

1

*Ultimate Fighting Championship 132: Dominick Cruz v. Urijah Faber* ("the Program") when it was broadcast on July 2, 2011, and caused it to be shown at their place of business, Mooney's Restaurant & Bar in Folsom, California, without Plaintiff's authorization. Plaintiff is the holder of the nationwide commercial distribution rights.  Plaintiff filed this lawsuit alleging violations of 47 U.S.C. §§ 605 and 553, a cause of action for conversion, and a violation of California Business and Professions Code §§ 17200-17210.

Through their Answer, Defendants deny the allegations in the Complaint and assert eleven affirmative defenses: 1) Failure to State a Claim, 2) Lack of Proximate Causation, 3) Defendants Acted in Good Faith, 4) Public Domain, 5) Standing, 6) Lack of Damages, 7) Defendants' Conduct Was Not Willful, 8) Statute of Limitations, 9) Fair Use Privilege, 10) Defendants Had a License, and 11) Lack of Proximate Causation. Defendants' Answer, Doc. #8 ("Answer").  Plaintiff seeks to strike all eleven affirmative defenses.  Plaintiff's Motion to Strike, Doc. #12 ("MTS").

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.


II.  OPINION

A.  <u>Legal Standard</u>

A Motion to Strike is brought pursuant to Federal Civil Procedure 12(f).

> Rule 12(f) provides in pertinent part that the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, scandalous matter. . . . Motions to strike

2

> are disfavored and infrequently granted. A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.

Bassett v. Ruggles, No. CV-F-09-528-OWW-SMS, 2009 WL 2982895, at *24 (E.D. Cal. Sept. 14, 2009) (internal citations omitted). A motion to strike applies to any part of a pleading, including affirmative defenses. FED. R. CIV. P. 12(f).

Since a motion to strike is disfavored and infrequently granted it "should only be granted if 'the matter . . . may prejudice one or more of the parties to the suit.'" N.Y. City Employees' Ret. Sys. v. Berry, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (quoting Rivers v. County of Marin, 2006 WL 581096, at *2 (N.D. Cal. 2006)). Prejudice may be found where superfluous pleadings may confuse the jury, or where a party may be required to engage in burdensome discovery around frivolous matters. See Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) (avoiding confusion); Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York, 278 F. Supp. 2d 313, 325 (N.D. N.Y. 2003) (avoiding increased expense and burdensome discovery). "Where the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike 'even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f).'" N.Y. City Employees' Ret. Sys., 667 F. Supp. 2d at 1128 (quoting Rivers, 2006 WL 581096, at *2).

B.  Discussion

Plaintiff moves to strike all eleven of Defendant's affirmative defenses on the ground that they are not sufficiently

3

pled because they "are boilerplate legal conclusions that provide no factual support linking them to the issues []" presented in this case, or because they are not affirmative defenses at all. MTS at 3-5.  Plaintiff argues this Court should evaluate the adequacy of Defendants' affirmative defenses under the pleading standard established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and clarified by Ashcroft v. Iqubal, 556 U.S. 662 (2009), even though the Ninth Circuit has yet to apply this heightened pleading standard to affirmative defenses.  MTS at 3-4.  Alternatively, Plaintiff argues that under the established Ninth Circuit analysis, set forth in Wyshak v. City National Bank, 607 F.2d 824 (9th Cir. 1979), Defendants' affirmative defenses are also insufficient.  Id. at 4-5.

    To date, the Ninth Circuit has not yet determined whether the pleading standard set forth in Twombly and Iqbal applies to affirmative defenses.  MTS at 4; Barnes v. AT&T Pension Benefit Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009)).  In fact, no circuit court has ruled on this issue, and district courts in the Ninth Circuit are split on whether a heightened pleading standard applies to affirmative defenses.  See J&J Sports Productions, Inc. v. Gidha, 2012 WL 537494, at *2 (E.D. Cal. Feb. 17, 2012). The Court declines to reach the issue of whether to apply the heightened pleading standard in ruling on Plaintiff's Motion to Strike Defendants' Affirmative Defenses because it is not necessary to resolve the pending Motion.  As detailed below, most of Plaintiff's Motion to Strike fails for a lack of demonstrated

4

prejudice to Plaintiff.  See N.Y. City Employees' Ret. Sys., 667 F. Supp. 2d at 1128.

Before turning to the merits of Plaintiff's Motion to Strike, the Court notes that Defendants filed a declaration from named Defendant Iraj Nouzari (Doc. # 17) in support of their Opposition.  Defendants adamantly deny the allegations of the Complaint through the declaration.  Id.  However because affirmative defenses operate to bar liability even assuming the facts alleged in the Complaint are true, these supplemental facts offered by Defendants are of no consequence.  See generally Fed. R. Civ. P. 12(f).  Accordingly, the Court will not consider Defendant Nouzari's declaration in ruling on the pending Motion to Strike.  See Fed. Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987).

In their Opposition, Defendants argue that Plaintiff's Motion, to the extent Plaintiff seeks to strike their entire answer, should be denied. Defendants' Opposition to Plaintiff's Motion to Strike, Doc. #16 ("OPP") at 1-2.  As discussed by Plaintiff in its Reply, Plaintiff did not move to strike Defendants' entire Answer through the pending motion. Plaintiff's Reply to Defendants' Opposition, Doc. #18 ("REP") at 2.  Since Plaintiff's Motion to Strike is only directed at Defendants' affirmative defenses, the Court need not address whether Defendants' entire answer should be stricken, as it is not before the Court.

The Court now turns to Defendants' affirmative defenses.

### 1. Failure to State a Claim, Lack of Proximate Causation, Lack of Damages (Defenses 1, 2, 6, 11)

Through their first, second, sixth, and eleventh affirmative defenses, Defendants challenge Plaintiff's pleading of certain claims and essential elements in the Complaint. See Answer at 6-8; MTS at 5-6, 8. Specifically, Defendants plead in their first affirmative defense that Plaintiff's Complaint does not allege "facts sufficient to [state] a claim." Answer at 6. Defendants further allege in their second, sixth, and eleventh affirmative defenses that there is a lack of causation, proximate causation and damages in this case. Id. at 6, 8. Plaintiff moves to strike each of these defenses, arguing they are not properly raised as affirmative defenses. MTS at 5-6, 8.

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." Main Hurdman, 655 F. Supp. at 262. However, defenses that merely negate elements of a plaintiff's claims or deny allegations in a complaint are not affirmative defenses. See Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002); Solis v. Couturier, No. 2:08-cv-02732-RRB-GGH, 2009 WL 2022343, at *3 (E.D. Cal. July 8, 2009). As Plaintiff correctly argues, affirmative defenses one, two, six and eleven are misclassified as "affirmative" because they attack Plaintiff's prima facie case. See MTS at 5-6, 8; Zivkovic, 302 F.3d at 1088. Accordingly, they are not properly raised as affirmative

6

1  defenses.  Accord J & J Sports Productions, Inc. v. Luhn, Case
2  No. 2:10-CV-03229-JAM-CKD, 2011 WL 5040709, at *2 (E.D. Cal. Oct.
3  24, 2011)
4       Plaintiff, however, does not sufficiently indicate how it is
5  prejudiced by the presence of these defenses.  See MTS at 10.  At
6  the end of its Motion, Plaintiff generally and vaguely claims
7  that if any of Defendants' affirmative defenses remain,
8  "Plaintiff will be compelled to expend time and resources
9  litigating irrelevant issues," resulting in prejudice to
10 Plaintiff.  Id.
11      In a previous case, Plaintiff's counsel moved to strike
12 affirmative defenses and offered a nearly identical statement in
13 an attempt to show prejudice.  Compare  MTS at 10 with Luhn, 2011
14 WL 5040709, at *2-3, and Docket #15 ("Plaintiff has already been
15 compelled to expend time and resources litigating irrelevant
16 issues. It is respectfully submitted that requiring such further
17 litigation would further prejudice Plaintiff.").  In that case,
18 this Court denied in part the plaintiff's motion to strike,
19 despite finding that some of the affirmative defenses were
20 improperly pled, on the ground that the plaintiff's conclusory
21 statement did not demonstrate prejudice.  Luhn, 2011 WL 5040709,
22 at *2-3.  In this case, confronted with the same inadequate
23 showing of prejudice, the Court reaches the same conclusion:
24 Plaintiff's Motion to Strike Defendants' first, second, sixth,
25 and eleventh affirmative defenses must be denied because
26 Plaintiff has not demonstrated prejudice.  See id.; N.Y. City
27 Employees' Ret. Sys., 667 F. Supp. 2d at 1128.
28

7

          2.   <u>Defendants Acted in Good Faith and Any Conduct was not Willful (Defenses 3, 7)</u>

Plaintiff moves to strike Defendants' third affirmative defense, that at all times relevant to this case Defendants acted in good faith, and seventh affirmative defense, that any alleged conduct was not willful, on the ground that neither "presents a defense to liability". MTS at 6-7; Answer at 7.

In their Opposition, Defendants argue that there is a factual basis for their third and seventh affirmative defenses and that they are "key to damages." OPP at 5, 7. Plaintiff responds by arguing that other courts have stricken similar defenses because, again, they are not relevant to liability. REP at 5, 7; <u>see also</u> MTS at 6-7. "[A] motion to strike 'should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" <u>Gidha</u>, 2012 WL 537494, at *1 (quoting <u>Neveau v. City of Fresno</u>, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (internal quotations and other citations omitted)). At this juncture, the Court cannot say that Defendants' second and seventh affirmative defenses are irrelevant. <u>See</u> OPP at 5, 7. Additionally, the Court denies Plaintiff's Motion to Strike because, as discussed above, Plaintiff has failed to demonstrate prejudice. <u>See</u> <u>supra</u> at II.B.1.; <u>N.Y. City Employees' Ret. Sys.</u>, 667 F. Supp. 2d at 1128. Therefore, Plaintiff's Motion to Strike Defendants' third and seventh affirmative defenses is denied.

       3.   <u>Public Domain and Fair Use (Defenses 4, 9)</u>

Defendants assert two affirmative defenses related to their right to publically televise the Program, affirmative defenses four and nine. Answer at 7-8. Plaintiff maintains these defenses must be stricken because they are defenses to copyright claims and there are no such claims asserted here. MTS at 7-8.

Under Rule 12(f), a defense is "immaterial" where it "'has no essential or important relationship to the claim for relief or the defenses being pleaded,'" and is "impertinent" where it "'do[es] not pertain, and [is] not necessary, to the issues in question.'" <u>Fantasy v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1382, at 706-07 (1900)), <u>rev'd on other grounds</u>, 510 U.S. 517 (1994); MTS at 2. Plaintiff correctly argues that Defendants' fourth affirmative defenses, alleging the "copyrights of Plaintiff are unenforceable because the subject matter was in the public domain," and Defendants' ninth affirmative defense, alleging Plaintiff's claims are barred "by the privilege of fair use," apply only to copyright claims. MTS at 7-8; OPP at 5-6, 8. <u>See also</u> <u>Leadsinger, Inc. v. BMG Music Pub.</u>, 512 F.3d 522 (9th Cir. 2008) (discussing fair use). Although Defendants argue there is a factual basis for these affirmative defenses, it is clear that they are improper when no copyright infringement causes of action have been asserted against them. <u>Ibid.</u> While Plaintiff has not shown prejudice, <u>see</u> <u>supra</u> at II.B.1.; <u>N.Y. City Employees' Ret. Sys.</u>, 667 F. Supp. 2d at 1128, the Court, nevertheless grants Plaintiff's Motion to Strike Defendants' fourth and ninth affirmative defenses because they are so clearly

9

irrelevant and superfluous with respect to the claims in this case and can have no possible bearing on the subject matter of this litigation. Gidha, supra at *1.

      4.   Standing

Plaintiff moves to strike Defendant's fifth affirmative defense, that Plaintiff lacks standing to bring this suit, on the ground that it is procedurally and legally deficient. MTS at 8; Answer at 7.

Standing to sue requires that "[a] plaintiff []allege personal injury fairly traceable to the defendants' allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984) (citations omitted). Plaintiff argues that it is clear that it has standing in this case, and on that basis its Motion to Strike should be granted. See MTS at 8. Defendants respond by arguing that there is a possibility Plaintiff does not have standing and that it is essential for Defendants to preserve this defense at this early stage of the proceeding. OPP at 6. It is inappropriate for this Court to delve into the merits and make a determination regarding whether or not Plaintiff has standing at this stage. See, e.g., Gidha, 2012 WL 537494, at *1 ("[A] motion to strike 'should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'") (quoting Neveau v. City of Fresno, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (internal quotations and other citations omitted)). This is especially true since standing has been considered a proper affirmative defense by many courts. See, e.g., Main Hurdman, 655 F.Supp. at 263; Solis, 2009 WL

3055207, at *1.  Accordingly, Plaintiff's Motion to Strike Defendants' fifth affirmative defense must be denied.  Accord Solis, 2009 WL 3055207, at *1.  The Court further finds that Plaintiff's Motion to Strike this defense must also be denied because Plaintiff has failed to demonstrate prejudice.  See N.Y. City Employees' Ret. Sys., 667 F. Supp. 2d at 1128.

///

         5.   <u>Statute of Limitations (Defense 8)</u>

Defendant's eighth affirmative defense alleges that each of Plaintiff's causes of action are time barred.  Answer at 8.  Plaintiff argues this defense must be stricken because "[u]nder no set of circumstances can [this] defense succeed."  MTS at 8–9.

Plaintiff directs the Court to the following statutes of limitation, which correspond to each of Plaintiff's claims: one year for 47 U.S.C. §§ 553 and 605 claims, see DirectTV, Inc. v. Webb, 545 F.3d 837, 848 (9th Cir. 2008)[2], three years for conversion, CAL. CODE CIV. PROC. § 338(c), and four years for a California Business and Professions section 17200 claim, CAL. BUS. & PROF. CODE § 17208.  Defendants argue that they are currently determining whether it was possible that the allegedly broadcast event was shown "on a date other than the date of the event," and for this reason, they want to preserve their statute of limitations defense.  OPP at 8.  In response, Plaintiff points

---

[2] The Court notes that contrary to Plaintiff's assertion, Direct TV does not discuss the statute of limitations for a claim under 47 U.S.C. § 553.  Nevertheless, it appears that one year is the proper statute of limitations period for a 47 U.S.C. § 553 claim.  See People v. Prevost, 60 Cal.App.4th 1382 (Cal. Ct. App. 3d Dist. 1998) and DirectTV, Inc. v. Webb, 545 F.3d 837, 848 (9th Cir. 2008).

11

out that Defendants concede their investigation only relates to a showing "after the night of the boxing event," which "would [only] serve to lengthen the statute of limitations." REP at 7 (quoting OPP at 8). Although it is unlikely Defendants could prevail on this defense, the Court finds, again, that Plaintiff's Motion to Strike must be denied because Plaintiff has failed to demonstrate prejudice. See N.Y. City Employees' Ret. Sys., 667 F. Supp. 2d at 1128. Accordingly, Plaintiff's Motion to Strike Defendants' eighth affirmative defense is DENIED.

### 6. Defendants had a License (Defense 10)

Defendants' tenth affirmative defense alleges that they "had a license to use every work claimed to be owned or assigned to Plaintiff." Answer at 8. Plaintiff argues this defense must be stricken because it only applies to copyright claims, and notwithstanding, it is not properly asserted as an affirmative defense. MTS at 9.

Plaintiff relies solely on J&J Sports Productions v. Walia, 2011 WL 1134458 (N.D. Cal. Mar. 28, 2011), to support its argument that Defendants' tenth affirmative defense must be stricken. MTS at 9; REP at 7. Walia is another case brought by Plaintiff's counsel involving almost identical circumstances. Compare Doc. #1 with 2011 WL 1134458, at *1. The defendant in Walia, however, did not assert any affirmative defenses related to licensing. 2011 WL 1134458, at *1. Therefore, Plaintiff's reliance on Walia is misplaced. Without any authority supporting Plaintiff's position, its Motion to Strike Defendants' tenth affirmative defense must be denied. The Court further finds that Plaintiff's Motion to Strike this defense must also be denied

because Plaintiff has failed to demonstrate prejudice. See <u>N.Y. City Employees' Ret. Sys.</u>, 667 F. Supp. 2d at 1128.

       7.   <u>Reservation of Defenses</u>

Finally, Plaintiffs argue that Defendants' reservation of defenses must be stricken because it is improper for Defendants to include the language that they "specifically reserve the right to amend their Answer and present additional affirmative defenses as necessary," at the end of their Answer. MTS at 9; Answer at 8. Defendants do not respond to this argument, <u>see</u> OPP, which serves as a concession that Plaintiff's Motion to Strike this portion of Defendants' Answer is proper. See <u>Luhn</u>, 2011 WL 5040709, at *1-2. Accordingly, Plaintiff's Motion to Strike Defendants' reservation of defenses is granted.

### III. Order

For all the foregoing reasons, it is hereby ordered that Plaintiff's Motion to Strike is GRANTED IN PART AND DENIED IN PART as follows:

   1.   Plaintiff's Motion to Strike Defendants' affirmative defenses 1,2,3,5,6,7,8,10 and 11 is DENIED; and

   2.   Plaintiff's Motion to Strike Defendants' affirmative defenses 4 and 9 and Defendants' reservation of defenses is GRANTED.

IT IS SO ORDERED.

Dated: April 2, 2013

                            JOHN A. MENDEZ,
                            UNITED STATES DISTRICT JUDGE