1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                   EASTERN DISTRICT OF CALIFORNIA

9

10   JOE HAND PROMOTIONS, INC.,          No.  12-CV-1715-JAM-EFB

11              Plaintiff,               **ORDER GRANTING IN PART AND
                                         DENYING IN PART PLAINTIFF'S**
12        v.                             **MOTION TO STRIKE DEFENDANTS'
                                         AFFIRMATIVE DEFENSES**
13   DENISE PATTON DORSETT, et
     al.,
14
                Defendants.
15

16        This matter comes before the Court on Plaintiff Joe Hand

17   Promotions' ("Plaintiff") Motion to Strike Defendants'

18   Affirmative Defenses (Doc. #12) from Defendants Denise Patton

19   Dorsett and Iraj Nouzari's ("Defendants") Answer to the Complaint

20   (Doc. #8).  Defendants oppose the motion in part (Doc. #16).[1]

21   For the reasons set forth below, Plaintiff's Motion is granted in

22   part and denied in part.

23

24              I. FACTUAL AND PROCEDURAL BACKGROUND

25        Plaintiff alleges that Defendants unlawfully intercepted the

26   _____

27   [1] This motion was determined to be suitable for decision without
     oral argument. E.D. Cal. L.R. 230(g).  The hearing was originally
28   scheduled for February 6, 2013.

                                    1

1   *Ultimate Fighting Championship 132: Dominick Cruz v. Urijah Faber*

2   ("the Program") when it was broadcast on July 2, 2011, and caused

3   it to be shown at their place of business, Mooney's Restaurant &

4   Bar in Folsom, California, without Plaintiff's authorization.

5   Plaintiff is the holder of the nationwide commercial distribution

6   rights.  Plaintiff filed this lawsuit alleging violations of 47

7   U.S.C. §§ 605 and 553, a cause of action for conversion, and a

8   violation of California Business and Professions Code §§ 17200-

9   17210.

10   Through their Answer, Defendants deny the allegations in the

11   Complaint and assert eleven affirmative defenses: 1) Failure to

12   State a Claim, 2) Lack of Proximate Causation, 3) Defendants

13   Acted in Good Faith, 4) Public Domain, 5) Standing, 6) Lack of

14   Damages, 7) Defendants' Conduct Was Not Willful, 8) Statute of

15   Limitations, 9) Fair Use Privilege, 10) Defendants Had a License,

16   and 11) Lack of Proximate Causation.  Defendants' Answer, Doc. #8

17   ("Answer").  Plaintiff seeks to strike all eleven affirmative

18   defenses.  Plaintiff's Motion to Strike, Doc. #12 ("MTS").

19   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331

20   and 1367.

21

22                              II.   OPINION

23   A.   Legal Standard

24   A Motion to Strike is brought pursuant to Federal Civil

25   Procedure 12(f).

26       Rule 12(f) provides in pertinent part that the
         Court may order stricken from any pleading any
27       insufficient defense or any redundant, immaterial,
         impertinent, scandalous matter. . . . Motions to strike
28

> are disfavored and infrequently granted. A motion to
> strike should not be granted unless it is clear that
> the matter to be stricken could have no possible
> bearing on the subject matter of the litigation.

Bassett v. Ruggles, No. CV-F-09-528-OWW-SMS, 2009 WL 2982895, at
*24 (E.D. Cal. Sept. 14, 2009) (internal citations omitted).  A
motion to strike applies to any part of a pleading, including
affirmative defenses. FED. R. CIV. P. 12(f).

     Since a motion to strike is disfavored and infrequently
granted it "should only be granted if 'the matter . . . may
prejudice one or more of the parties to the suit.'"  N.Y. City
Employees' Ret. Sys. v. Berry, 667 F. Supp. 2d 1121, 1128 (N.D.
Cal. 2009) (quoting Rivers v. County of Marin, 2006 WL 581096, at
*2 (N.D. Cal. 2006)). Prejudice may be found where superfluous
pleadings may confuse the jury, or where a party may be required
to engage in burdensome discovery around frivolous matters.  See
Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152
(C.D. Cal. 2003) (avoiding confusion); Canadian St. Regis Band of
Mohawk Indians ex rel. Francis v. New York, 278 F. Supp. 2d 313,
325 (N.D. N.Y. 2003) (avoiding increased expense and burdensome
discovery).  "Where the moving party cannot adequately
demonstrate such prejudice, courts frequently deny motions to
strike 'even though the offending matter literally [was] within
one or more of the categories set forth in Rule 12(f).'"  N.Y.
City Employees' Ret. Sys., 667 F. Supp. 2d at 1128 (quoting
Rivers, 2006 WL 581096, at *2).

     B.   Discussion

     Plaintiff moves to strike all eleven of Defendant's
affirmative defenses on the ground that they are not sufficiently

1   pled because they "are boilerplate legal conclusions that provide

2   no factual support linking them to the issues []" presented in

3   this case, or because they are not affirmative defenses at all.

4   MTS at 3-5.  Plaintiff argues this Court should evaluate the

5   adequacy of Defendants' affirmative defenses under the pleading

6   standard established in Bell Atlantic Corp. v. Twombly, 550 U.S.

7   544 (2007), and clarified by Ashcroft v. Iqbal, 556 U.S. 662

8   (2009), even though the Ninth Circuit has yet to apply this

9   heightened pleading standard to affirmative defenses.  MTS at 3-

10  4.  Alternatively, Plaintiff argues that under the established

11  Ninth Circuit analysis, set forth in Wyshak v. City National

12  Bank, 607 F.2d 824 (9th Cir. 1979), Defendants' affirmative

13  defenses are also insufficient.  Id. at 4-5.

14      To date, the Ninth Circuit has not yet determined whether

15  the pleading standard set forth in Twombly and Iqbal applies to

16  affirmative defenses.  MTS at 4; Barnes v. AT&T Pension Benefit

17  Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1171-72 (N.D.

18  Cal. 2010) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544

19  (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009)).  In fact, no

20  circuit court has ruled on this issue, and district courts in the

21  Ninth Circuit are split on whether a heightened pleading standard

22  applies to affirmative defenses.  See J&J Sports Productions,

23  Inc. v. Gidha, 2012 WL 537494, at *2 (E.D. Cal. Feb. 17, 2012).

24  The Court declines to reach the issue of whether to apply the

25  heightened pleading standard in ruling on Plaintiff's Motion to

26  Strike Defendants' Affirmative Defenses because it is not

27  necessary to resolve the pending Motion.  As detailed below, most

28  of Plaintiff's Motion to Strike fails for a lack of demonstrated

1  prejudice to Plaintiff.  See N.Y. City Employees' Ret. Sys., 667

2  F. Supp. 2d at 1128.

3       Before turning to the merits of Plaintiff's Motion to

4  Strike, the Court notes that Defendants filed a declaration from

5  named Defendant Iraj Nouzari (Doc. # 17) in support of their

6  Opposition.  Defendants adamantly deny the allegations of the

7  Complaint through the declaration.  Id.  However because

8  affirmative defenses operate to bar liability even assuming the

9  facts alleged in the Complaint are true, these supplemental facts

10  offered by Defendants are of no consequence.  See generally Fed.

11  R. Civ. P. 12(f).  Accordingly, the Court will not consider

12  Defendant Nouzari's declaration in ruling on the pending Motion

13  to Strike.  See Fed. Deposit Ins. Corp. v. Main Hurdman, 655 F.

14  Supp. 259, 262 (E.D. Cal. 1987).

15       In their Opposition, Defendants argue that Plaintiff's

16  Motion, to the extent Plaintiff seeks to strike their entire

17  answer, should be denied.  Defendants' Opposition to Plaintiff's

18  Motion to Strike, Doc. #16 ("OPP") at 1-2.  As discussed by

19  Plaintiff in its Reply, Plaintiff did not move to strike

20  Defendants' entire Answer through the pending motion.

21  Plaintiff's Reply to Defendants' Opposition, Doc. #18 ("REP") at

22  2.  Since Plaintiff's Motion to Strike is only directed at

23  Defendants' affirmative defenses, the Court need not address

24  whether Defendants' entire answer should be stricken, as it is

25  not before the Court.

26

27

28

1    The Court now turns to Defendants' affirmative defenses.

2

3    1.    Failure to State a Claim, Lack of Proximate
            Causation, Lack of Damages (Defenses 1, 2, 6, 11)

4

5    Through their first, second, sixth, and eleventh affirmative

6    defenses, Defendants challenge Plaintiff's pleading of certain

7    claims and essential elements in the Complaint.  See Answer at 6-

8    8; MTS at 5-6, 8.  Specifically, Defendants plead in their first

9    affirmative defense that Plaintiff's Complaint does not allege

10   "facts sufficient to [state] a claim."  Answer at 6.  Defendants

11   further allege in their second, sixth, and eleventh affirmative

12   defenses that there is a lack of causation, proximate causation

13   and damages in this case.  Id. at 6, 8.  Plaintiff moves to

14   strike each of these defenses, arguing they are not properly

15   raised as affirmative defenses.  MTS at 5-6, 8.

16   "Affirmative defenses plead matters extraneous to the

17   plaintiff's prima facie case, which deny plaintiff's right to

18   recover, even if the allegations of the complaint are true."

19   Main Hurdman, 655 F. Supp. at 262.  However, defenses that merely

20   negate elements of a plaintiff's claims or deny allegations in a

21   complaint are not affirmative defenses.  See Zivkovic v. Southern

22   California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002); Solis

23   v. Couturier, No. 2:08-cv-02732-RRB-GGH, 2009 WL 2022343, at *3

24   (E.D. Cal. July 8, 2009).  As Plaintiff correctly argues,

25   affirmative defenses one, two, six and eleven are misclassified

26   as "affirmative" because they attack Plaintiff's prima facie

27   case.  See MTS at 5-6, 8; Zivkovic, 302 F.3d at 1088.

28   Accordingly, they are not properly raised as affirmative

6

1   defenses.   Accord J & J Sports Productions, Inc. v. Luhn, Case

2   No. 2:10-CV-03229-JAM-CKD, 2011 WL 5040709, at *2 (E.D. Cal. Oct.

3   24, 2011)

4        Plaintiff, however, does not sufficiently indicate how it is

5   prejudiced by the presence of these defenses.   See MTS at 10.   At

6   the end of its Motion, Plaintiff generally and vaguely claims

7   that if any of Defendants' affirmative defenses remain,

8   "Plaintiff will be compelled to expend time and resources

9   litigating irrelevant issues," resulting in prejudice to

10  Plaintiff.   Id.

11       In a previous case, Plaintiff's counsel moved to strike

12  affirmative defenses and offered a nearly identical statement in

13  an attempt to show prejudice.   Compare MTS at 10 with Luhn, 2011

14  WL 5040709, at *2-3, and Docket #15 ("Plaintiff has already been

15  compelled to expend time and resources litigating irrelevant

16  issues. It is respectfully submitted that requiring such further

17  litigation would further prejudice Plaintiff.").   In that case,

18  this Court denied in part the plaintiff's motion to strike,

19  despite finding that some of the affirmative defenses were

20  improperly pled, on the ground that the plaintiff's conclusory

21  statement did not demonstrate prejudice.   Luhn, 2011 WL 5040709,

22  at *2-3.   In this case, confronted with the same inadequate

23  showing of prejudice, the Court reaches the same conclusion:

24  Plaintiff's Motion to Strike Defendants' first, second, sixth,

25  and eleventh affirmative defenses must be denied because

26  Plaintiff has not demonstrated prejudice.   See id.; N.Y. City

27  Employees' Ret. Sys., 667 F. Supp. 2d at 1128.

28

1

2            2.    Defendants Acted in Good Faith and Any Conduct was
                   not Willful (Defenses 3, 7)

3

4        Plaintiff moves to strike Defendants' third affirmative

5   defense, that at all times relevant to this case Defendants acted

6   in good faith, and seventh affirmative defense, that any alleged

7   conduct was not willful, on the ground that neither "presents a

    defense to liability".  MTS at 6-7; Answer at 7.

8
         In their Opposition, Defendants argue that there is a
9
    factual basis for their third and seventh affirmative defenses
10
    and that they are "key to damages."  OPP at 5, 7.  Plaintiff
11
    responds by arguing that other courts have stricken similar
12
    defenses because, again, they are not relevant to liability.  REP
13
    at 5, 7; see also MTS at 6-7.  "[A] motion to strike 'should not
14
    be granted unless it is clear that the matter to be stricken
15
    could have no possible bearing on the subject matter of the
16
    litigation.'"  Gidha, 2012 WL 537494, at *1 (quoting Neveau v.
17
    City of Fresno, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005)
18
    (internal quotations and other citations omitted)).  At this
19
    juncture, the Court cannot say that Defendants' second and
20
    seventh affirmative defenses are irrelevant.  See OPP at 5, 7.
21
    Additionally, the Court denies Plaintiff's Motion to Strike
22
    because, as discussed above, Plaintiff has failed to demonstrate
23
    prejudice.  See supra at II.B.1.; N.Y. City Employees' Ret. Sys.,
24
    667 F. Supp. 2d at 1128.  Therefore, Plaintiff's Motion to Strike
25
    Defendants' third and seventh affirmative defenses is denied.
26

27

28

                                    8

1        3.    Public Domain and Fair Use (Defenses 4, 9)

2        Defendants assert two affirmative defenses related to their

3   right to publically televise the Program, affirmative defenses

4   four and nine.  Answer at 7-8.  Plaintiff maintains these

5   defenses must be stricken because they are defenses to copyright

6   claims and there are no such claims asserted here.  MTS at 7-8.

7        Under Rule 12(f), a defense is "immaterial" where it "'has

8   no essential or important relationship to the claim for relief or

9   the defenses being pleaded,'" and is "impertinent" where it

10  "'do[es] not pertain, and [is] not necessary, to the issues in

11  question.'"  Fantasy v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.

12  1993) (quoting 5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE §

13  1382, at 706-07 (1900)), rev'd on other grounds, 510 U.S. 517

14  (1994); MTS at 2.  Plaintiff correctly argues that Defendants'

15  fourth affirmative defenses, alleging the "copyrights of

16  Plaintiff are unenforceable because the subject matter was in the

17  public domain," and Defendants' ninth affirmative defense,

18  alleging Plaintiff's claims are barred "by the privilege of fair

19  use," apply only to copyright claims.  MTS at 7-8; OPP at 5-6, 8.

20  See also Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522 (9th

21  Cir. 2008) (discussing fair use).  Although Defendants argue

22  there is a factual basis for these affirmative defenses, it is

23  clear that they are improper when no copyright infringement

24  causes of action have been asserted against them.  Ibid.  While

25  Plaintiff has not shown prejudice, see supra at II.B.1.; N.Y.

26  City Employees' Ret. Sys., 667 F. Supp. 2d at 1128, the Court,

27  nevertheless grants Plaintiff's Motion to Strike Defendants'

28  fourth and ninth affirmative defenses because they are so clearly

1  irrelevant and superfluous with respect to the claims in this

2  case and can have no possible bearing on the subject matter of

3  this litigation. <u>Gidha</u>, <u>supra</u> at *1.

4          4.   <u>Standing</u>

5      Plaintiff moves to strike Defendant's fifth affirmative

6  defense, that Plaintiff lacks standing to bring this suit, on the

7  ground that it is procedurally and legally deficient.  MTS at 8;

8  Answer at 7.

9      Standing to sue requires that "[a] plaintiff []allege

10 personal injury fairly traceable to the defendants' allegedly

11 unlawful conduct and likely to be redressed by the requested

12 relief." <u>Allen v. Wright</u>, 468 U.S. 737, 751 (1984) (citations

13 omitted).  Plaintiff argues that it is clear that it has standing

14 in this case, and on that basis its Motion to Strike should be

15 granted.  <u>See</u> MTS at 8.  Defendants respond by arguing that there

16 is a possibility Plaintiff does not have standing and that it is

17 essential for Defendants to preserve this defense at this early

18 stage of the proceeding.  OPP at 6.  It is inappropriate for this

19 Court to delve into the merits and make a determination regarding

20 whether or not Plaintiff has standing at this stage.  <u>See</u>, <u>e.g.</u>,

21 <u>Gidha</u>, 2012 WL 537494, at *1 ("[A] motion to strike 'should not

22 be granted unless it is clear that the matter to be stricken

23 could have no possible bearing on the subject matter of the

24 litigation.'") (quoting <u>Neveau v. City of Fresno</u>, 392 F. Supp. 2d

25 1159, 1170 (E.D. Cal. 2005) (internal quotations and other

26 citations omitted)).  This is especially true since standing has

27 been considered a proper affirmative defense by many courts.

28 <u>See</u>, <u>e.g.</u>, <u>Main Hurdman</u>, 655 F.Supp. at 263; <u>Solis</u>, 2009 WL

1   3055207, at *1.  Accordingly, Plaintiff's Motion to Strike

2   Defendants' fifth affirmative defense must be denied.  Accord

3   Solis, 2009 WL 3055207, at *1.  The Court further finds that

4   Plaintiff's Motion to Strike this defense must also be denied

5   because Plaintiff has failed to demonstrate prejudice.  See N.Y.

6   City Employees' Ret. Sys., 667 F. Supp. 2d at 1128.

7   ///

8           5.   Statute of Limitations (Defense 8)

9       Defendant's eighth affirmative defense alleges that each of

10  Plaintiff's causes of action are time barred.  Answer at 8.

11  Plaintiff argues this defense must be stricken because "[u]nder

12  no set of circumstances can [this] defense succeed."  MTS at 8-9.

13      Plaintiff directs the Court to the following statutes of

14  limitation, which correspond to each of Plaintiff's claims: one

15  year for 47 U.S.C. §§ 553 and 605 claims, see DirectTV, Inc. v.

16  Webb, 545 F.3d 837, 848 (9th Cir. 2008)[2], three years for

17  conversion, CAL. CODE CIV. PROC. § 338(c), and four years for a

18  California Business and Professions section 17200 claim, CAL. BUS.

19  & PROF. CODE § 17208.  Defendants argue that they are currently

20  determining whether it was possible that the allegedly broadcast

21  event was shown "on a date other than the date of the event," and

22  for this reason, they want to preserve their statute of

23  limitations defense.  OPP at 8.  In response, Plaintiff points

24  _____

25  [2] The Court notes that contrary to Plaintiff's assertion, Direct
    TV does not discuss the statute of limitations for a claim under

26  47 U.S.C. § 553.  Nevertheless, it appears that one year is the
    proper statute of limitations period for a 47 U.S.C. § 553 claim.

27  See People v. Prevost, 60 Cal.App.4th 1382 (Cal. Ct. App. 3d
    Dist. 1998) and DirectTV, Inc. v. Webb, 545 F.3d 837, 848 (9th

28  Cir. 2008).

out that Defendants concede their investigation only relates to a showing "after the night of the boxing event," which "would [only] serve to lengthen the statute of limitations."  REP at 7 (quoting OPP at 8).  Although it is unlikely Defendants could prevail on this defense, the Court finds, again, that Plaintiff's Motion to Strike must be denied because Plaintiff has failed to demonstrate prejudice.  See N.Y. City Employees' Ret. Sys., 667 F. Supp. 2d at 1128.  Accordingly, Plaintiff's Motion to Strike Defendants' eighth affirmative defense is DENIED.

### 6.   Defendants had a License (Defense 10)

Defendants' tenth affirmative defense alleges that they "had a license to use every work claimed to be owned or assigned to Plaintiff."  Answer at 8.  Plaintiff argues this defense must be stricken because it only applies to copyright claims, and notwithstanding, it is not properly asserted as an affirmative defense.  MTS at 9.

Plaintiff relies solely on J&J Sports Productions v. Walia, 2011 WL 1134458 (N.D. Cal. Mar. 28, 2011), to support its argument that Defendants' tenth affirmative defense must be stricken.  MTS at 9; REP at 7.  Walia is another case brought by Plaintiff's counsel involving almost identical circumstances.  Compare Doc. #1 with 2011 WL 1134458, at *1.  The defendant in Walia, however, did not assert any affirmative defenses related to licensing.  2011 WL 1134458, at *1.  Therefore, Plaintiff's reliance on Walia is misplaced.  Without any authority supporting Plaintiff's position, its Motion to Strike Defendants' tenth affirmative defense must be denied.  The Court further finds that Plaintiff's Motion to Strike this defense must also be denied

1  because Plaintiff has failed to demonstrate prejudice.  See <u>N.Y.</u>
2  <u>City Employees' Ret. Sys.</u>, 667 F. Supp. 2d at 1128.

3          7.   <u>Reservation of Defenses</u>

4      Finally, Plaintiffs argue that Defendants' reservation of
5  defenses must be stricken because it is improper for Defendants
6  to include the language that they "specifically reserve the right
7  to amend their Answer and present additional affirmative defenses
8  as necessary," at the end of their Answer.  MTS at 9; Answer at
9  8. Defendants do not respond to this argument, <u>see</u> OPP, which
10 serves as a concession that Plaintiff's Motion to Strike this
11 portion of Defendants' Answer is proper.  See <u>Luhn</u>, 2011 WL
12 5040709, at *1-2.  Accordingly, Plaintiff's Motion to Strike
13 Defendants' reservation of defenses is granted.

14                          III. Order

15     For all the foregoing reasons, it is hereby ordered that
16 Plaintiff's Motion to Strike is GRANTED IN PART AND DENIED IN
17 PART as follows:

18     1.   Plaintiff's Motion to Strike Defendants' affirmative
19 defenses 1,2,3,5,6,7,8,10 and 11 is DENIED; and

20     2.   Plaintiff's Motion to Strike Defendants' affirmative
21 defenses 4 and 9 and Defendants' reservation of defenses is
22 GRANTED.

23

24 IT IS SO ORDERED.

25 Dated: April 2, 2013                    _____
26                                         JOHN A. MENDEZ,
                                           UNITED STATES DISTRICT JUDGE
27

28
                                13